LIBERTY OIL COMPANY, Appellant,

v.

DIRECTOR OF REVENUE, Respondent,

and

Missouri Highway and Transportation Commission, Intervenor/Respondent.

No. 73264.

Supreme Court of Missouri,
En Banc.

July 23, 1991.

John S. Pletz, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Carole Lewis Iles, Asst. Atty. Gen., Jefferson City, for respondent.

Gregory W. Schroeder, Rich Tiemeyer, Mo. Highway & Transp. Com'n, Jefferson City, for intervenor/respondent.

HIGGINS, Senior Judge.

Liberty Oil Company is a motor fuel distributor and therefore liable for collecting motor fuel tax on its fuel sales and remitting the tax to the Department of Revenue. In question are assessments by the Director of Revenue of motor fuel taxes due under section 142.025, RSMo Supp.1990. That statute, enacted January 22, 1987, as S.S.S.C.S.S.B. Nos. 135 & 63, and approved by referendum April 7, 1987, increased the tax from seven cents per gallon to eleven cents per gallon, effective June 1, 1987. After that date, Liberty Oil collected the tax at the increased rate but remitted only seven cents per gallon to the Department of Revenue because it believed the statute was invalid. The Director issued assessments for the difference between the amount of tax remitted and the amount due under the new law. Liberty Oil challenged the assessments by complaint before the Administrative Hearing Commission; the Missouri Highway and Transportation Commission was granted leave to intervene. Following a hearing, the Administrative Hearing Commission upheld the assessments; Liberty Oil appealed to this Court. Affirmed.

Appellant contends that the increase in the tax rate is invalid and void. It asserts that the portion of the bill which set a referendum election for April 7, 1987, was not an effective law at the time of the election because it violated article III, section 29, of the Missouri Constitution. Appellant argues that Section B of S.S.S.C.S.S.B. Nos. 135 & 63, which ordered a special election on Proposition A (the fuel tax referendum), was ineffective at the time of that election because: (1) ninety days had not expired since the end of the legislative session, and (2) it was not signed by the Governor.

Section B of the act provided:

This act is hereby submitted to the qualified voters of this state for approval or rejection at a special election which is hereby ordered and which shall be held and conducted on the first Tuesday in April, 1987, pursuant to the laws and constitutional provisions of this state applicable to elections and the submission of referendum measures, and it shall become effective when approved by a majority of the votes cast thereon at such election and not otherwise.

Article III, section 52(a), of the Missouri Constitution provides in part:

A referendum may be ordered (except as to laws necessary for the immediate preservation of the public peace, health or safety, and laws making appropriations for the current expenses of the state government, for the maintenance of state institutions and for the support of public schools) either by petitions signed by five percent of the legal voters in each of two-thirds of the congressional districts in the state, or by the general assembly, as other bills are enacted.

■ A bill may be enacted before it becomes effective. Although article III, section 29, of the Missouri Constitution states that "[n]o law passed by the general assembly ... shall take effect until ninety days after the adjournment of the session ... at which it was enacted," this provision indicates that the enactment of bills, as opposed to the making of a "law," is a function performed solely by the legisla-

ture and requires neither the signature of the Governor nor the passage of ninety days after the adjournment of the session. S.S.S.C.S.S.B. Nos. 135 & 63 was approved by both houses of the General Assembly and signed by the President of the Senate and the Speaker of the House. Thus, it was a bill enacted in its entirety by the legislature in the same manner as other bills.

■ Article III, section 52(b) states in part: "All elections on measures referred to the people shall be had at the general state elections, except when the general assembly shall order a special election. Any measure referred to the people shall take effect when approved by a majority of the votes cast thereon, and not otherwise...." Section B of the Act is consistent with this constitutional provision.

In *Bohrer v. Toberman*, 360 Mo. 244, 227 S.W.2d 719 (1950), the legislature enacted a bill to increase the motor fuel tax. After referendum petitions were submitted, the General Assembly passed a concurrent resolution setting a special election on the question. In adopting the concurrent resolution, the legislature's procedure did not conform to several requirements of the Missouri Constitution with respect to ordinary bills. *Bohrer* held compliance with those provisions was not necessary, and the resolution was sufficient to set a special election. *Id.* 227 S.W.2d at 723.

Appellant asserts *Bohrer* is not applicable in this case because the legislature called for the special election by bill, not by resolution. This distinction is irrelevant. *Bohrer* noted the Constitution is not a grant but a restriction upon the powers of the legislature. *Id.* at 722–23. Consequently, the General Assembly has the power to do whatever is necessary to perform its functions except as expressly restrained by the Constitution. *Id.* at 723. Deference due the General Assembly requires that doubt be resolved against nullifying its action if it is possible to do so by any reasonable construction of that action or by any reasonable construction of the Constitution. *Id.* at 724.

In *Brown v. Morris*, 365 Mo. 946, 290 S.W.2d 160 (1956), plaintiffs challenged the constitutionality of the cigarette tax law, approved by referendum, on the grounds that the legislative bill was not signed by the Speaker of the House as required by article III, section 30, of the Missouri Constitution. They further contended that failure of the Governor to sign the bill rendered it invalid. As in this case, the measure in question included an order for a special election and was not challenged by plaintiffs until after the election. *Brown* held the failure of the Speaker to sign the bill was a procedural error cured by voter approval. This Court also stated that the Governor's signature was not necessary because the measure was enacted and referred by the legislature and approved by the voters. *Id.* 290 S.W.2d at 168. As in *Bohrer*, *Brown* recognized that courts must be circumspect in considering challenges to laws that have been submitted and approved by the voters.

Appellant contends the tax increase is invalid and void because S.S.S.C.S.S.B. Nos. 135 & 63 is, for purposes of article III, section 52, of the Missouri Constitution, an appropriations bill, and under that section an appropriations bill cannot be referred to a vote of the people. *Heinkel v. Toberman*, 360 Mo. 58, 226 S.W.2d 1012 (1950), held that a gasoline tax statute was not an appropriation measure even when read in connection with the constitutional provision that all monies collected from motor vehicle license fees and fuel taxes must first be used to pay certain costs and therefore was a proper subject for a referendum.

Appellant submits this Court should reconsider *Heinkel* because article IV, section 30, of the Constitution directs how portions of the fuel tax receipts should be expended and that they stand appropriated for those purposes without further legislative action. *State ex rel. McKinley Pub. Co. v. Hackmann*, 314 Mo. 33, 282 S.W. 1007 (1926), approved those portions of the Constitution that made appropriations of monies from motor vehicle fees directly and held that the balance that did not stand appropriated must be appropriated by the legislature to be expended. *Id.* 282 S.W. at 1013. In either instance, as with Proposition A, either the legislature or the Constitution appropriates those funds, not Proposition A itself.

Appellant also submits this Court should reconsider *Heinkel* because of the part of Proposition A that acts as a "cap" on the amount of funds that could be used to pay agencies other than the Missouri Highway and Transportation Department for the specific expenses authorized by section 30 of article IV. The enactment in *Heinkel* authorized the Highway Commission to "provide for the expenditure by counties and other political subdivisions ... funds equivalent to the state revenues derived from one cent (1¢) per gallon of state taxes upon motor vehicle fuels ...," less the proportionate share of the cost of collection, the proportionate share of refunds authorized by law, and the cost and expense of administration by the Highway Department and the Highway Commission. *Heinkel*, 226 S.W.2d at 1013. This Court analyzed this language and found "not one word, phrase or sentence in the bill that would justify construing it as an appropriation law." *Id.*

The decision of the Administrative Hearing Commission is affirmed.

ROBERTSON, C.J., RENDLEN, COVINGTON, HOLSTEIN and BLACKMAR, JJ., and MAUS, Special Judge, concur.